Daniel N. Lamb, Jr., Esq. Town Attorney, Saugerties
I am writing in response to your request for an Attorney General's opinion as to whether a town may contribute towards the expense of extending cable television service to certain parts of the town.
Provision of cable television service is regulated by the Commission on Cable Television which is part of the Executive Department (Executive Law, §§ 811-831). The Commission approves all fees and rates charged for cable television. These include the franchise fee, which is a payment made by the cable company to the municipality; and the subscription rate, which is the amount paid directly to the company by the consumer. These payments are negotiated by the company and the municipality, and then are approved by the Commission.*
As stated in your letter, the Town of Saugerties is exploring plans to extend cable television to unserviced rural areas of the community. At present the company holding the franchise will not extend to these rural areas unless it is allowed to charge a higher subscription rate to offset the higher cost of rural construction. This is due to a lack of sufficient housing to justify installation at a lower rate. The town is considering allocating a portion of its franchise fees to subsidize the expense of these line extensions in order to make service affordable for these rural residents.
Your question is whether this proposed payment constitutes an illegal gift of public funds under Article VIII, section 1 of the New York Constitution.
We note that nothing in State or Federal law and regulations prohibits the proposed use of these funds (Executive Law, §§ 811-831; 9 NYCRR §§ 594-595; Cable Communications Policy Act of 1984, 47 U.S.C. § 601-639, PL 98-549). Although the field of cable television is regulated, there are no restrictions placed on a municipality's use of the franchise fee.
The constitutional prohibition against gifts of public funds provides:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking, or become directly or indirectly the owner of stock in, or bonds of, any private corporation or association; * * *" (NY Const, Art VIII, § 1).
In a 1976 opinion, we concluded that State contributions to a not-for-profit corporation which provided educational, health and social services information to a community by way of cable television were not gifts of public funds under this provision (1976 Op Atty Gen 9). We found that the contributions were not barred by Article VII (the parallel gifts and loans provision for the State) because they served the public purposes of promoting education and health (ibid.).
Although the cable service under consideration is not devoted solely to educational and health information, we nevertheless believe that the town may make the proposed contributions. The enabling act of the Commission on Cable Television makes clear that the provision of cable television service serves a valid public purpose:
 "* * * that while said operations must be subject to state oversight, they also must be protected from undue restraint and regulation so as to assure cable systems with optimum technology and maximum penetration in this state as rapidly as economically and technically feasible; that municipalities and the state would benefit from valuable educational and public services through cable television systems; that the public and the business community would benefit if served by cable channels sufficient to meet the needs of producers and distributors of program and other communication services * * *" (Executive Law, § 811; emphasis supplied).
As you have stated the facts, without subsidy by the town, rural residents will be deprived of cable television. A contribution by the town to make service affordable appears to serve the public interest.
Under section 10 of the Municipal Home Rule Law, towns have the authority to pass local laws which relate to the "government, protection, order, conduct, safety, health and well-being" of its residents (Municipal Home Rule Law, § 10[1][a][ii][12]). In our opinion, contributions towards extension of cable television service serve a public purpose and are within this delegation of local law power.
Accordingly, we conclude that a town may make contributions to subsidize the expense of extending cable television service to town residents.
* Under the Federal Cable Communications Policy Act of 1984, cable television charges will be deregulated as of December 29, 1986 (47 U.S.C. § 623).